**UNITED STATES of America,**
**Appellee,**

v.

**Sakhwat ULLAH, Jr., Defendant–**
**Appellant.**

Nos. 06–4031–cr(L), 07–1181–cr(con).

United States Court of Appeals,
Second Circuit.

July 2, 2008.

---

Theodore S. Green, Green & Willstatter, White Plains, New York, for Appellant.

Monica J. Richards, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, New York, for Appellee.

PRESENT: Hon. PETER W. HALL, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. COLLEEN McMAHON, District Judge.*

## SUMMARY ORDER

Defendant appeals from a March 21, 2007 judgment of the district court convicting him by jury trial of (1) attempted re-entry after prior removal in violation of 8 U.S.C. § 1326, and (2) making a false statement in any matter within federal jurisdiction in violation of 18 U.S.C. § 1001(a)(2). We assume the parties' familiarity with the facts and procedural history of the case.

Ullah asserts two main arguments on appeal: (1) the district court impermissibly limited the evidence he intended to proffer to prove his claim to United States citizenship; and (2) the district court should have given a limiting instruction regarding the documentary evidence the government submitted of past passport and Social Security applications made in Ullah's name. We conclude that both arguments are unavailing.

Ullah asserts that the district court should have allowed him to present the following evidence: (1) testimony of his father about conversations that his father had with Ullah about where Ullah was born; (2) testimony of his father about why Ullah was raised by his paternal grandmother and the circumstances of Ullah's upbringing; and (3) Ullah's Bangladesh passport, which stated that he was born in the United States.

"We review a trial court's evidentiary rulings deferentially, and we will reverse only for an abuse of discretion." *United States v. Quinones*, 511 F.3d 289, 307 (2d Cir.2007). To find an abuse of discretion, "we must conclude that the challenged evidentiary rulings were arbitrary and irrational." *Id.* at 308 (internal quotation marks omitted).

■ The district court sustained the government's objections to Ullah's questions that asked his father whether his father had told Ullah that he was born in the United States. These proffered statements are squarely hearsay. At trial, Ullah did not argue that a hearsay exception applied, and on appeal, he argues that these statements would fall under the hearsay exception for reputation concerning family history, Fed.R.Evid. 803(19). Because Ullah failed to object to the exclusion of this evidence at trial, we review the district court's decision for plain error. Fed.R.Crim.P. 52(b); *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). To constitute plain error, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Bruno*, 383 F.3d 65, 78 (2d Cir.2004) (quoting *Johnson*, 520 U.S. at 467, 117 S.Ct. 1544). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Johnson*, 520 U.S. at 467, 117 S.Ct. 1544).

There was no error here, much less plain error. Hearsay exception 803(19) excepts "[r]eputation among members of a person's family by blood ... concerning a person's birth ... or other similar fact of personal or family history." Fed.R.Evid. 803(19). What Ullah's father told Ullah about Ullah's own birth does not fall within

---

* The Honorable Colleen McMahon, United States District Court Judge for the Southern District of New York, sitting by designation.

this exception. Moreover, such evidence would be needlessly cumulative because his father had already testified that Ullah was born in California. *See* Fed.R.Evid. 403.

■ The district court also sustained the government's objections on grounds of relevance to Ullah's questions to his father about why Ullah had been raised by his grandmother and how he was raised. Because Ullah did not argue the issue of the relevance of this evidence below, we also review the district court's exclusion of this evidence for plain error, Fed.R.Crim.P. 52(b), and find none. Ullah does not explain how this testimony would be relevant to his case. He claims that the fact that he was born in the United States, brought to India, and then raised in Bangladesh could explain why he was misinformed about his true birth status and citizenship. This, of course, does not shed light on why he asserted that he was a Canadian citizen when he attempted to reenter the United States, a fact that formed the basis for the second count of the indictment. It was not an abuse of discretion for the district court to find that this line of questioning was irrelevant.

■ The district court determined that Ullah's Bangladesh passport was inadmissible as hearsay. The government had argued that Ullah wanted to introduce the passport for the truth of the information contained in it, because the passport stated that Ullah was born in the United States. Ullah's standby counsel stated that Ullah would offer the passport under Fed. R.Evid. 901(a) and 803. On appeal, Ullah argues that the exception for public records and reports, Fed.R.Evid. 803(8), would allow the admission of the passport into evidence.

Rule 803(8) exempts from the hearsay rule "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report." Passports are considered public records under this exception. *United States v. Pluta,* 176 F.3d 43, 50–51 (2d Cir.1999). In *Pluta,* we said that "a foreign passport may be admissible in a United States court to prove foreign citizenship," noting also that "a United States passport may not be admissible in a United States court to prove United States citizenship." *Id.* at 51. Ullah's case falls between these two propositions, as he attempted to offer a foreign passport to prove United States citizenship. Ullah suggests that *Pluta* may be broadly read to permit the admission of a foreign passport, if properly authenticated, to prove his United States citizenship. We need not decide this particular issue, as Ullah's foreign passport, which was offered to prove his purported birth in the United States, is not within the hearsay exception of Rule 803(8). There is no evidence in the record that would allow the district court to conclude that the activities of the issuing agency in Bangladesh included verifying the foreign birth of one of its passport applicants or that the issuing agency was obliged under law to observe and report on the place of Ullah's foreign birth. Accordingly, the district court did not abuse its discretion in excluding this passport.

■ Moreover, even assuming that this document should have been admitted, its exclusion was harmless. Fed.R.Crim.P. 52(a); *see also United States v. Abreu,* 342 F.3d 183, 190 (2d Cir.2003). "An evidentiary error not affecting substantial rights is harmless if we can conclude with fair assurance that the jury's judgment was not substantially swayed by the error." *United States v. Paulino,* 445 F.3d 211,

219 (2d Cir.2006) (internal quotation marks omitted). "To reach this conclusion, we are not required to conclude that the error could not have had any effect whatever. Rather, we will deem an evidentiary error harmless if we can conclude that the proof at issue was unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." *Id.* (internal quotation marks, citation, and alteration omitted). Although the admission of the passport may have strengthened Ullah's claims that he was born in the United States, we can conclude with fair assurance that this piece of proof was relatively unimportant considering (1) Ullah had already proffered his father's testimony that Ullah was born in the United States, which the jury apparently chose not to credit; and (2) the government's evidence that Ullah had no claim to U.S. citizenship was strong. We conclude, therefore, that any error in refusing to admit the passport was harmless.

█ Ullah also argues that the district court erred in failing to give a limiting instruction to the jury regarding the documentary evidence submitted by the government. Because Ullah did not request a limiting instruction, he waived his objection to the district court's failure to give one, and we review the district court's failure for plain error. *United States v. Elfgeeh,* 515 F.3d 100, 126 (2d Cir.2008). The question is then whether the district court should have given a limiting instruction.

Rule 105 provides, in pertinent part, that "[w]hen evidence which is admissible ... for one purpose but not admissible ...

for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." Fed.R.Evid. 105. We agree that the evidence here was admissible as proof of Ullah's alienage, as the government argues, but we also find that it could be considered evidence that runs afoul of Rule 404(b). Because the fraudulent applications also tend to show that Ullah has a propensity to lie on applications and other legal documents and that he has bad character,[1] had Ullah requested a limiting instruction, the district court should have given one.

Whether or not this was plain error, however, it did not affect Ullah's substantial rights. We have said that "an error affects a defendant's substantial rights if it is prejudicial and it affected the outcome of the district court proceedings." *Bruno,* 383 F.3d at 79 (internal quotation marks omitted). We cannot say that the failure to give a limiting instruction here was sufficiently prejudicial to Ullah or that it necessarily affected the outcome of the district court proceedings given the strength of the government's case.

We have considered all of defendant's other arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

---

1. Notwithstanding the government's assertion that the purpose for admitting the fraudulent applications was to prove Ullah's alienage, we note that the government did not request a limiting instruction, and that the government's closing argument with respect to the evidence insinuated Ullah's propensity to lie as much as it asserted proof of his alienage. Particularly with a *pro se* defendant, the government should exercise more care in the future.